**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FREDDY A. RUSSIAN,

Plaintiff,

v.

Case No. 8:26-cv-1960-TPB-SPF

ALEJANDRO AROCHA, et al.,

Defendants.
_______________________________/

**ORDER DISMISSING COMPLAINT**

This matter comes before the Court *sua sponte* on Plaintiff's complaint, filed *pro se* on July 9, 2026. After reviewing the complaint, court file, and record, the Court finds as follows:

**Background**

This case appears to arise from a business deal gone wrong.[1] Plaintiff Freddy A. Russian alleges that he paid somewhere between $56,000 and $60,000 in connection with a bridge-loan or similar financing transaction promoted by Defendants Alejandro Arocha, Zulay Nava, and Z Luxury Interior Design Inc.[2] However, according to Plaintiff, Defendants falsely represented that financing would be completed, failed to

[1] The Court notes that this case is only one of four total cases that Plaintiff has filed in this District since March 17, 2026. *See Russian v. Bosco*, 8:26-cv-700-MSS-TGW (M.D. Fla. 2026); *Russian v. United States Tennis Assoc.*, 8:26-cv-1464-WFJ-AAS (M.D. Fla. 2026); *Russian v. Armature Works, LLC*, 8:26-cv-1896-JLB-AEP (M.D. Fla. 2026).

[2] The Court notes that the complaint appears to contain internal inconsistencies that may be relevant to Plaintiff's ability to pursue this lawsuit. Most notably, the complaint repeatedly "clarifies" earlier allegations about the $56,000-60,000 payment, stating that it was not Plaintiff's personal money but instead came from "a company or transaction source connected to the promised $6 million bridge loan." *See* (Doc. 1-1, ¶¶ 2, 22, 26). These "clarifications" raise questions about who actually suffered the injury and has the ability to pursue claims – Plaintiff or some unidentified company.

secure the promised funding, and did not repay the money advanced, causing Plaintiff's personal finances to "collapse." Once he demanded his money back, Plaintiff claims that Defendants began to make partial payments toward the debt. Following Plaintiff's personal bankruptcy filing in June 2025, the parties allegedly entered into an oral agreement under which Defendants would repay Plaintiff $150,000, but Plaintiff contends that Defendants subsequently defaulted on that agreement.

On July 9, 2026, Plaintiff filed his complaint asserting claims for: violation of civil RICO, 18 U.S.C. § 1962(c) (Count I); violation of civil RICO, 18 U.S.C. § 1962(d) (Count II); fraudulent misrepresentation and fraudulent inducement (Count III); breach of contract (Count IV); promissory estoppel (Count V); conversion, misappropriation, and embezzlement (Count VI); unjust enrichment (Count VII); Florida civil theft pursuant to § 772.11, *F.S.* (Count VIII); and civil conspiracy (Count IX).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R.

Civ. P. 9(b). As courts have explained, the purpose of Rule (9)(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Shotgun Pleading*

As an initial matter, the complaint constitutes a shotgun pleading. A shotgun pleading is one where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" and the defendants therefore cannot be "expected to frame a responsive pleading." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). The Eleventh Circuit has identified four primary types of shotgun pleadings:

(1) complaints containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;

(2) complaints that do not commit the mortal sin of re-alleging all preceding counts but are guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

(3) complaints that commit the sin of not separating into a different count each cause of action or claim for relief; and

(4) complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which actions or omissions, or which of the defendants the claim is brought against.

*See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). First, the complaint improperly adopts the allegations of all preceding counts. Second, the complaint improperly asserts multiple claims against multiple defendants without detailing which acts or omissions each defendant is responsible for. For these reasons alone, the complaint is subject to dismissal. However, the Court will grant leave to amend, if Plaintiff may do so in good faith.

***Failure to State a Claim***

This case appears to involve a loan or lending arrangement and a subsequent breach of that agreement. The Court notes that RICO is generally not the proper vehicle to litigate this kind of dispute. *See Robert Suris Gen. Contractor Corp. v. New Metro. Fed. Sav. & Loan Ass'n*, 873 F.2d 1401, 1404 (11th Cir. 1989) (explaining that a plaintiff cannot take "a simple breach of contract or garden-variety fraud claim and attempt[] to boot-strap it into a 'federal case' by couching the allegations in [RICO] statutory language"). For this reason, while the Court grants Plaintiff leave to amend

his RICO claims as further explained below, Plaintiff should carefully consider whether he can, consistent with Rule 11, allege facts sufficient to state a plausible RICO claim.

Count I – Civil RICO, 18 U.S.C. § 1962(c)

In Count I, Plaintiff attempts to assert a civil racketeering claim against Defendants. To state a claim under § 1962(c) of RICO, Plaintiff must allege that Defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (citing *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016)). Further, because a RICO claim is a species of a fraud claim, it must be pled with the level of specificity set forth in Rule 9(b) and include: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)); Fed. R. Civ. P. 9(b).

*Association-in-Fact Enterprise*

An enterprise is "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Plaintiff attempts to allege that Defendants operated as an association-in-fact enterprise, which is "a group of persons associated

together for a common purpose of engaging in a course of conduct." *See U.S. v. Turkette*, 452 U.S. 576, 583 (1981) (citing 18 U.S.C. § 1961(1)). This type of enterprise must have three structural features: "(1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit [the] associates to pursue the enterprise's purpose." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017) (quotations omitted) (citing *Boyle v. United States*, 556 U.S. 938, 944 (2004)).

Upon review, the Court finds that Plaintiff's allegations are devoid of specific allegations to state a claim. In attempting to plead the relationship element of an association-in-fact enterprise, Plaintiff merely alleges that the enterprise "consist[s] of Alejandro Arocha, Zulay Nava, Z Luxury Interior Design Inc., related entities, bank or payment accounts, office identities, electronic accounts, and other persons or entities to be identified in discovery." These conclusory allegations do not suffice as they do little more than identify a collection of persons, business entities, accounts, and unidentified future actors. *See Almanza*, 851 F. 3d at 1073 ("The fact that Defendants acted in parallel simply does not show they had relationships among each other with respect to the actual carrying out of what they were each doing individually."). In any amended complaint, Plaintiff will need to plead actual factual allegations to show that Defendants were part of an enterprise.

*Pattern of Racketeering*

To state a claim, Plaintiff must also allege a "pattern of racketeering activity." A pattern requires at least two predicate acts within a ten-year time span that are related and amount to, or pose a threat of, continued criminal activity. *Jackson v.*

*BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (citing 18 U.S.C. § 1961(5); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989)). Here, the allegations appear to concern a single financing transaction and a subsequent repayment dispute between Plaintiff and Defendants. Plaintiff does not plausibly suggest the continuity necessary to establish a *pattern* of racketeering activity, as opposed to an isolated business dispute, and therefore fails to state a claim.

*Predicate Acts*

"An act of racketeering activity, commonly known as a 'predicate act,' includes any of a long list of state and federal crimes." *Cisneros*, 972 F.3d at 1215 (citing 18 U.S.C. § 1961(1)). Plaintiff must allege at least two predicate acts and must put forth enough facts to make each predicate act "independently indictable as a crime." *See id.* (citing *Brooks*, 116 F.3d at 1381). The predicate acts must also be pled with the particularity required by Rule 9(b). *See Ambrosia Coal & Const. Co.*, 482 F.3d at 1316.

Plaintiff does not name a single criminal predicate offense or cite to any criminal statutes. Instead, he simply lists certain events, including electronic communications – presumably emails or text messages – and money transfers. This is insufficient to state a RICO claim.

*Rule 9(b)*

Finally, to the extent that Plaintiff's RICO claim is premised on allegations of fraud, Rule 9(b) requires Plaintiff to plead the alleged fraud with particularity. The complaint repeatedly attributes representations to "Defendants" collectively without identifying which Defendant made which statement, when it was made, or why it was false at the time it was made. These generalized allegations fail to satisfy Rule 9(b).

*Conclusion*

For these reasons, Count I is dismissed without prejudice, with leave to amend, if Plaintiff may do so in good faith.

Count II – RICO Conspiracy, 18 U.S.C. § 1962(d)

In Count II, Plaintiff attempts to assert a RICO conspiracy claim. "Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c)." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010). To state a claim under § 1962(d), Plaintiff must either: "(1) [show] that the defendant agreed to the overall objective of the conspiracy; or (2) [show] that the defendant agreed to commit two predicate acts." *See id.* (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 950 (11th Cir. 1997)). Claims brought pursuant to § 1962(d) must also be pled with the specificity required by Rule 9(b). *Id.*

Because Plaintiff failed to plausibly allege a substantive violation § 1962(c), his claim brought pursuant to § 1962(d) necessarily fails, as well. *See Jackson*, 372 F.3d at 1269 (affirming dismissal of a § 1962(d) claim where the plaintiffs' § 1962(c) claim failed to show that the defendants made "an illegal agreement to violate a substantive provision of the RICO statute"). The Court further cautions Plaintiff that on amendment, conclusory allegations such as "Defendants agreed, expressly or impliedly, to participate in or facilitate the affairs of the enterprise" do not and will not suffice to state a claim under § 1962(d). *See id.* ("[T]he RICO conspiracy adds nothing. It simply concludes that the defendants 'conspired and confederated' to commit conduct which in itself does not constitute a RICO violation.").

For these reasons, Count II is dismissed without prejudice, with leave to amend, if Plaintiff may do so in good faith.

***Counts III - IX – The State Law Claims***

Because the Court is dismissing the only federal claims asserted, Plaintiff is advised that, unless he can allege a viable federal claim in an amended complaint, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

**Plaintiff is advised that even *pro se* plaintiffs must conform with procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. Litigation - particularly in federal court - is difficult, and Plaintiff should consider hiring an attorney. If he is unable to afford counsel, he should consider the resources available to *pro se* litigants, including the Legal Information Program operated by the Tampa Bay Chapter of the Federal Bar Association, and the Middle District of Florida's guide to assist *pro se* litigants proceeding in federal court, which is located on the Court's website.**

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's complaint (Doc. 1) is **DIMISSED WITHOUT PREJUDICE**, with leave to amend.
2. Plaintiff is directed to file an amended complaint on or before August 4, 2026.

Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE