**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FREDDY A. RUSSIAN,

Plaintiff,

v.

Case No. 8:26-cv-1960-TPB-SPF

ALEJANDRO AROCHA, et al.,

Defendants.

_________________________________/

**ORDER DISMISSING AMENDED COMPLAINT**

This matter comes before the Court *sua sponte* on Plaintiff's amended complaint, filed *pro se* on August 3, 2026. After reviewing the amended complaint, court file, and record, the Court finds as follows:

**Background**

This case arises from a business and repayment dispute gone wrong.[1] According to Plaintiff, Defendant Alejandro Arocha represented that he had access to investors, banking channels, and a bridge-loan or financing facility of approximately $6 million that could resolve Plaintiff's business and financial needs. But the proposed financing did not close. Plaintiff alleges that in June 2025, Plaintiff entered into a separate oral agreement with Arocha and Defendant Zulay Nava in which Defendants agreed to pay Plaintiff $150,000 in exchange for Plaintiff's acceptance of installment payments, continued cooperation, and temporary forbearance from civil enforcement. Defendants

[1] The Court notes that this case is only one of four total cases that Plaintiff has filed in this District since March 17, 2026. *See Russian v. Bosco*, 8:26-cv-700-MSS-TGW (M.D. Fla. 2026); *Russian v. United States Tennis Assoc.*, 8:26-cv-1464-WFJ-AAS (M.D. Fla. 2026); *Russian v. Armature Works, LLC*, 8:26-cv-1896-JLB-AEP (M.D. Fla. 2026).

allegedly paid approximately $30,080 toward that obligation but have failed to pay the remaining balance.

On July 9, 2026, Plaintiff filed this action. On July 21, 2026, the Court *sua sponte* dismissed the complaint without prejudice, explaining that Plaintiff had failed to plausibly allege a civil racketeering claim. The Court also observed that the allegations appeared to concern a financing transaction and repayment dispute and cautioned Plaintiff that the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a very complex statute, is generally not the proper vehicle to litigate such a dispute. Nevertheless, because Plaintiff was proceeding *pro se*, the Court granted him leave to amend, if he could do so in good faith.

Plaintiff timely filed the first amended complaint, which asserts a civil RICO claim against Arocha under 18 U.S.C. § 1962(c) (Count I), along with state law claims for breach of oral agreement against Arocha (Count II), breach of oral agreement based on ratification and partial performance against Nava (Count III), fraudulent misrepresentation and inducement to forbear against Arocha (Count IV), and promissory estoppel against both Defendants (Count V).

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to

survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As courts have explained, the purpose of Rule 9(b) is to ensure that defendants have sufficient notice and information to formulate a defense. *See Trinity Graphic, USA, Inc. v. Tervis Tumbler Co.*, 320 F. Supp. 3d 1285, 1294 (M.D. Fla. 2018). "Essentially, a plaintiff satisfies Rule 9(b) by alleging who, what, when, where, and how." *Id.* (citing *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)).

When considering the sufficiency of a complaint, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## Analysis

In Count I, Plaintiff again attempts to assert a civil racketeering claim against Arocha. To state a claim under § 1962(c) of RICO, Plaintiff must plausibly allege that Arocha "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *See Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (citing *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1348 (11th Cir. 2016)). Further, because a RICO claim is a species of a fraud claim, it must be pled with the level of specificity set forth in Rule 9(b) and include: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)); Fed. R. Civ. P. 9(b).

The Court previously identified several deficiencies in Plaintiff's RICO allegations and granted him leave to amend. The first amended complaint provides substantially greater factual detail and corrects some of the pleading deficiencies identified in the Court's prior Order. But greater factual detail does not cure the fundamental problem with Plaintiff's RICO theory – even liberally construed, the allegations continue to describe a discrete repayment dispute *rather than a pattern of racketeering activity actionable under federal law.*

A RICO "pattern" requires at least two predicate acts that are related and that amount to, or pose a threat of, continued criminal activity. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239-43 (1989)). "Continuity" may be established by either a closed period of repeated conduct or past conduct that by its nature projects into the future with a threat of repetition. *Id.* at 1265.

Here, the four predicate acts specifically identified by Plaintiff consist of communications made between September 22, 2025, and July 2, 2026, concerning the same alleged $150,000 repayment obligation. Plaintiff alleges that Arocha repeatedly represented that particular payments were imminent, had been coordinated, or had been routed, and that these representations caused Plaintiff to continue waiting for payment and to forbear from immediately enforcing the agreement. Thus, the alleged predicate acts involve a single victim, a single payment obligation, and a single alleged objective: delaying Plaintiff's enforcement of the June 2025 agreement. These allegations do not plausibly establish the continuity necessary to transform this discrete repayment dispute into a pattern of racketeering activity. *See Jackson*, 372 F.3d at 1267-68.

Plaintiff attempts to establish broader continuity by relying on a separate Miami-Dade County lawsuit, *Blue Crown Management Group LLC v. Z Luxury Interior Design Inc., et al.*, in which Arocha and Nava were defendants. Plaintiff alleges that the *Blue Crown* complaint concerned a similar financing transaction involving the same participants, an approximately $6 million financing representation, and a $180,000 security deposit. Plaintiff also attaches a default final judgment entered against Arocha and Nava in that case. These allegations do not cure the deficiency. The default

judgment establishes that judgment was entered against Arocha and Nava; it does not establish that they committed any predicate acts of racketeering in connection with the *Blue Crown* transaction. Indeed, Plaintiff expressly acknowledges that the allegations in the *Blue Crown* complaint were not adjudicated and offers them as public-record material supporting a request for discovery. Plaintiff does not identify or plead with particularity any predicate acts of racketeering arising from the *Blue Crown* transaction. Allegations made by another plaintiff in another civil action do not, without more, plausibly establish additional racketeering activity sufficient to demonstrate continuity.

The specifically alleged predicate acts present an additional problem. To constitute racketeering activity, each alleged predicate act must itself be independently indictable as one of the offenses enumerated in 18 U.S.C. § 1961(1). *Cisneros*, 972 F.3d at 1215. Plaintiff identifies wire fraud under 18 U.S.C. § 1343 and alleges that Arocha committed wire fraud by repeatedly representing that payments were imminent or being processed when those payments were not ultimately made. But the failure to perform a promise does not, standing alone, plausibly establish that the promise was knowingly false when made. The amended complaint illustrates the problem. Plaintiff alleges that, on December 7, 2025, Arocha represented that a $100,000 payment would close the following day. Plaintiff then alleges that this representation "was false when made because no $100,000 closing occurred." The fact that the payment did not subsequently occur does not itself establish that Arocha knew, when he made the statement, that the payment would not occur. Although Plaintiff points to repeated payment promises, changing explanations, and smaller substitute payments as evidence of fraudulent intent, the factual allegations ultimately describe Arocha repeatedly promising

performance under an existing repayment arrangement and failed to perform as promised.

As the Court previously explained, RICO does not permit a plaintiff to take "a simple breach of contract or garden-variety fraud claim and attempt[] to boot-strap it into a 'federal case' by couching the allegations in [RICO] statutory language." *See Robert Suris Gen. Contractor Corp. v. New Metro. Fed. Sav. & Loan Ass'n*, 873 F.2d 1401, 1404 (11th Cir. 1989). Plaintiff's more detailed allegations do not alter the essential nature of the dispute alleged here: Defendants allegedly agreed to pay Plaintiff $150,000, made approximately $30,080 in installment payments, repeatedly represented that additional payments were forthcoming, and ultimately failed to pay the remaining balance.

Finally, the amended complaint does not plausibly allege that the identified predicate acts caused Plaintiff's principal claimed RICO injury. A civil RICO plaintiff must establish injury to business or property "by reason of" the RICO violation. 18 U.S.C. § 1964(c). This requires a sufficiently direct causal relationship between the alleged racketeering activity and the claimed injury. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457-58 (2006).

Plaintiff alleges that the $150,000 payment obligation arose in June 2025. But the first specifically identified predicate act did not occur until September 22, 2025. Plaintiff's alleged right to the $150,000 therefore existed before the alleged predicate acts occurred, and the approximately $119,920 unpaid balance exists because Defendants allegedly failed to satisfy that preexisting obligation – not because Arocha subsequently made representations concerning when the obligation would be paid.

Plaintiff also generally alleges loss of use, impaired collection opportunities, transaction costs, lost business opportunities, and other economic losses resulting from his continued forbearance. But these generalized allegations do not identify facts plausibly connecting a particular cognizable injury to any particular predicate act. Consequently, Plaintiff has not plausibly alleged that the asserted RICO violation caused an injury to his business or property within the meaning of § 1964(c).

For these reasons, Count I fails to state a claim. The Court has already afforded Plaintiff an opportunity to amend after specifically identifying the deficiencies in his RICO allegations. The first amended complaint demonstrates that Plaintiff understood those deficiencies and substantially expanded his allegations in an effort to cure them. Nevertheless, the additional facts do not cure the fundamental defects discussed above. Because Plaintiff has already received an opportunity to amend and further amendment would be futile, Count I is dismissed with prejudice.

Plaintiff's remaining claims for breach of oral agreement, breach of oral agreement based on ratification and partial performance, fraudulent misrepresentation and inducement to forbear, and promissory estoppel arise under Florida law. The civil RICO claim in Count I provided the sole basis for original federal jurisdiction. Indeed, the Court previously advised Plaintiff that, absent a viable federal claim in an amended complaint, the Court would likely decline to exercise supplemental jurisdiction over his remaining state law claims.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." This action remains at an early stage, and no Defendant has appeared. Considerations

of judicial economy, convenience, fairness, and comity do not favor retaining jurisdiction over Plaintiff's remaining Florida law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over Counts II through V. Those claims are dismissed without prejudice to Plaintiff's ability to pursue them in an appropriate state forum.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

1. Count I of Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**, without leave to amend.
2. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Counts II through V. Counts II through V are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pursue them in an appropriate state forum.
3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE